# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DENNIS SIMMONS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 05-3102-CV-S-RED-H |
| ROBERT McFADDEN, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner contends that his sentence has been unconstitutionally enhanced under Blakely v. Washington, 124 S. Ct. 2531 (2004), and that this Court has jurisdiction under Dretke v. Haley, 124 S. Ct. 1847 (2004).

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Petitioner questions the jurisdiction of the sentencing court in the Eastern District of

Missouri to have enhanced his sentence, and claims that the government breached its plea agreement. Petitioner relies on Blakely v. Washington, 124 S. Ct. 2531 (2004), to support his contention that his sentence was unconstitutionally enhanced.

Regardless of petitioner's assertions in this case, the action is improperly filed under the provisions of 28 U.S.C. § 2241. A careful reading of his petition indicates that he is, in fact, challenging his sentence. The issues he raises are cognizable, if at all, in the sentencing court, and it is clear that this Court lacks jurisdiction of petitioner's claims. Accordingly, it must be recommended that the petition be dismissed without prejudice. This dismissal is without prejudice to petitioner's right, if any, to bring a Booker challenge in the sentencing court.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date: 4/20/05